**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSEPH F. PIOTROWSKI,

    Petitioner,

v.                                                        Case No. 8:12-cv-2290-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner Joseph F. Piotrowski, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). He challenges his convictions entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in 2003. Respondent filed a response (Dkt. 11), and Piotrowski filed a reply (Dkt. 14) and amended reply (Dkt. 15). In accordance with an order entered by the Court (Dkt. 17), Respondent filed an amended response (Dkt. 20) and corrected amended response (Dkt. 21), which incorporates a motion to dismiss the petition as time-barred.[1] Piotrowski filed a reply (Dkt. 24). Upon review, Piotrowski's petition must be dismissed as time-barred.

**Procedural History And Background**

In April of 2001, Piotrowski, then a Captain in the United States Army, was involved

---

[1] Respondent was ordered to "support his response with a copy of the state court record." (Dkt. 4, p. 1.) Piotrowski asserts that Respondent failed to do so, and asks the Court to take judicial notice of this. His assertion is inaccurate. Respondent complied with the Court's instruction. (Dkts. 13, 23.)

in a car crash that resulted in the death of the other car's driver. In military court martial proceedings conducted in August of 2001, Piotrowski was convicted, pursuant to a plea, of "drunken driving (two specifications), drunken driving resulting in injury to himself, involuntary manslaughter, conduct unbecoming an officer, and reckless endangerment." *United States v. Piotrowski*, 2006 WL 6624109 at *1 (Army Ct. Crim. App. 2006). His sentence was affirmed inasmuch as it "provide[d] for a dismissal, confinement for twelve years, and a reprimand." *Id.* at *3.

On January 22, 2002, the State of Florida charged Piotrowski with DUI manslaughter and negligent vehicular homicide. It appears that Piotrowski had begun serving his military sentence at United States Disciplinary Barracks, Fort Leavenworth, Kansas, and was then transported to Florida to face these state charges.[2] After a jury convicted him, on May 14, 2003, Piotrowski was sentenced to consecutive terms of fifteen years in prison, to run concurrently to his military sentence. (Dkt. 23, Ex. 5.) Piotrowski states that on May 22, 2003, he was transferred to federal custody in Kansas to continue serving his military sentence. Piotrowski states that in July of 2008, he concluded his military sentence and was transferred to the Florida Department of Corrections to serve his state sentence.

In the meantime, Piotrowski appealed his state convictions. The state appellate court *per curiam* affirmed his convictions and sentences on April 23, 2004. (Dkt. 23, Ex. 9.) Piotrowski filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on April 5, 2006, while in custody in Kansas. (Dkt. 23, Ex. 11.) On January 30, 2007, he also filed a motion to expedite review of his postconviction motion.

---

[2] *See Piotrowski v. Commandant, USDB*, 2009 WL 5171780 at *2 (D. Kan. 2009).

(Dkt. 23, Ex. 12.)  The state court filed an order denying his motions on March 20, 2007.  (Dkt. 23, Ex. 13.)  The state appellate court *per curiam* affirmed the order of denial on February 29, 2008.  (Dkt. 23, Ex. 20.)

Piotrowski next filed a state habeas petition, alleging ineffective assistance of appellate counsel, on May 6, 2009.  (Dkt. 23, Ex. 22.)  The state appellate court denied his petition without comment on March 3, 2010.  *Piotrowski v. State*, 36 So.3d 99 (Fla. 2d DCA 2010) (table).  (Dkt. 23, Ex. 27.)  His motion for rehearing, rehearing en banc, clarification and certification was denied on May 5, 2010.  (Dkt. 23, Exs. 25, 26.)

On March 15, 2010, Piotrowski filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a).  (Dkt. 23, Ex. 28.)  The state court's summary denial of his motion was affirmed by the state appellate court on October 20, 2010.  (Dkt. 23, Exs. 29, 32.)  Piotrowski also filed a second postconviction motion under Rule 3.850 on February 5, 2010.  (Dkt. 23, Ex. 37.)  The state court denied this motion in an order filed December 6, 2011.  (Dkt. 23, Ex. 38.) The state appellate court *per curiam* affirmed the denial of Piotrowski's claims. (Dkt. 23, Ex. 39.)  His motion for rehearing was denied on September 10, 2012.  (Dkt. 23, Exs. 40, 41.)  Piotrowski filed his federal habeas petition on October 5, 2012.[3]

### Timeliness Of Federal Habeas Petition

Respondent asserts that Piotrowski's federal habeas petition is untimely.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year

---

[3] In January of 2007, Piotrowski filed a "Petition for a Writ of Habeas Corpus by a Person Attacking a State Detainer" challenging his state convictions.  This petition, filed in the United States District Court for the District of Kansas, was transferred to the United States District Court for the Middle District of Florida.  The petition was dismissed without prejudice.  *See Piotrowski v. Florida*, 2007 WL 1427714 (M.D. Fla. 2007).

limitations period for filing a § 2254 habeas petition. This period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). Piotrowski argues that his petition is timely under either § 2244(d)(1)(B) or § 2244(d)(1)(D). The Court concludes that the starting date for Piotrowski's one-year limitations period is properly determined by applying § 2244(d)(1)(A), and that his petition is untimely because it was not filed prior to the expiration of this period.[4]

I.    <u>28 U.S.C. § 2244(d)(1)(A) Applies</u>

Piotrowski's convictions were affirmed on direct appeal on April 23, 2004. They became final ninety days later, on July 22, 2004, at the conclusion of the period to petition the Supreme Court for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Therefore, under

---

[4] Piotrowski does not allege that § 2244(d)(1)(C) is applicable.

§ 2244(d)(1)(A), Piotrowski's one-year filing period began the next day, July 23, 2004. He was required to file his federal habeas petition by July 23, 2005, absent the filing of any collateral motions in state court that served to toll this period. Statutory tolling under § 2244(d)(2) occurs when a properly filed collateral application is pending in state court. An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

Piotrowski did not file his first postconviction motion in state court until April 5, 2006, after the expiration of his one-year limitations period. A motion filed past the deadline for filing a federal habeas petition cannot toll the limitations period. *See Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for . . . § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").[5]

Accordingly, the limitations period was not statutorily tolled. Piotrowski's federal habeas petition was filed on October 5, 2012, after the July 23, 2005 deadline had passed. Accordingly, Piotrowski's petition is untimely under § 2244(d)(1)(A), which the Court

---

[5] Although Piotrowski states that the state appellate court granted his petition for belated appeal on the basis of ineffective assistance of appellate counsel, the record contains no evidence that he was granted a belated appeal.

concludes is the proper section to apply in determining the start of his federal habeas limitations period.

II.     28 U.S.C. § 2244(d)(1)(D) Does Not Apply

In ground fourteen of his habeas petition, Piotrowski asserts that newly discovered evidence demonstrates his prosecution by the State of Florida violated double jeopardy principles and was a "sham" because the military prosecutor, who Piotrowski alleges began a relationship with Piotrowski's then-wife, improperly influenced and manipulated the State Attorney to file charges against Piotrowski. Piotrowski appears to claim that the beginning date for the one-year limitation period should be calculated by applying § 2244(d)(1)(D).[6] This argument must fail.

The limitations period under this subsection "begins to run on the latest of, inter alia, the date on which the factual predicate of the claim or claims presented *could* have been discovered through the exercise of due diligence. Thus, the only relevant inquiry is whether petitioner could have discovered the evidence at an earlier date." *Frederick v. Sec'y, Dep't of Corr.*, 481 Fed. App'x 472, 474 (11th Cir. 2012) (citation and quotation marks omitted). "Due diligence 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts.'" *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). A "[p]etitioner is 'presumed to have conducted a reasonable investigation of all facts surrounding [his] prosecution.'" *Id.* (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

---

[6] This argument would only apply to ground fourteen, which alleges newly discovered evidence. In a "multiple trigger date case," AEDPA's statute of limitations applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).

Preliminarily, Piotrowski does not specify the content of the alleged newly discovered evidence. He makes only vague and conclusory statements that it would show the military prosecutor improperly influenced the Office of the State Attorney. Nor does he identify the date on which he learned of such evidence, or before which he could not have known of it by exercising due diligence. Thus, Piotrowski does not establish any date on which his one-year federal habeas limitations period would start running under § 2244(d)(1)(D).

Furthermore, Piotrowski does not show that the factual predicate of the claim could not have been discovered through the exercise of due diligence so as to timely file his habeas petition. The very nature of his allegation suggests that the information would have existed prior to his being charged by the State of Florida. Although Piotrowski claims that "this evidence could not have been previously discovered through the exercise of due diligence because [his former wife] and [the military prosecutor] concealed the evidence by intentionally hiding it," he also states that "[t]he Florida prosecutor's case file contains evidence showing that [the military prosecutor] provided misinformation to them. . . ." (Dkt. 1, pp. 31, 33.) Piotrowski makes no allegation that the State prosecutor, in whose case file he claims the evidence is contained, concealed the information or that Piotrowski was unable to obtain or learn of it before the deadline to timely file his petition. Piotrowski does not allege or demonstrate facts showing entitlement to an application of § 2244(d)(1)(D).

III.   28 U.S.C. § 2244(d)(1)(B) Does Not Apply

Piotrowski further argues that the starting date for the one-year limitations period should be calculated by applying § 2244(d)(1)(B). Piotrowski states on May 22, 2003, after his conviction in state court, the State transported him to federal custody in Kansas to

complete his military sentence. Piotrowski claims that his "out-of-state incarceration constituted an impediment to challenge his Florida conviction through collateral attack and exhaust his federal claims via adequate access to the courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." (Dkt. 1, p. 39.) He alleges a lack of access to Florida law to "research, prepare, and file a collateral challenge to his judgment of conviction and sentence." (Id.) Accordingly, Piotrowski asserts that his one-year limitations period started on July 15, 2008, the date he states that he was returned to custody in Florida and the state-created impediment to filing an application was thus removed.

"To delay the running of the statute of limitations, § 2244(d)(1)(B) requires state action that both 'violat[ed] . . . the Constitution or laws of the United States' and 'prevented [the prisoner] from filing' his federal petition." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008). Preliminarily, Piotrowski does not establish that his incarceration in a federal facility to finish serving his military sentence or his transfer to that facility violated the Constitution or laws of the United States.[7]

Piotrowski also fails to show that an alleged lack of access to Florida legal materials during his out-of-state incarceration is a state-created impediment in violation of the Constitution or laws of the United States under § 2244(d)(1)(B). Prisoners have a constitutional right of access to the courts but do not have any "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Similarly, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional

---

[7] Piotrowski does not allege that his military sentence was invalid.

impairment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). Rather, a petitioner must demonstrate that the lack of access to legal materials prevented him from timely filing his petition. *See id.* ("The inmate must show that this inability [to access the law library] caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence.").

Piotrowski fails to make this showing because he does not establish an inability to timely file a federal habeas petition in accordance with the time constraints of § 2244(d) due to circumstances at the facility in which he was incarcerated. Piotrowski does not allege that he lacked access to, or was unaware of, federal law governing the timely filing of a federal habeas petition. Piotrowski fails to show how an alleged lack of Florida legal materials at the law library was necessary to timely filing his federal habeas petition or kept him from doing so. *See, e.g., Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001) ("[T]he record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.") (citation omitted). Moreover, Piotrowski simply cannot show how any alleged impediment is attributable to the state.[8]

To the extent Piotrowski supports his claim by asserting that the inadequate access

---

[8] *See, e.g., Alexander v. Metrish*, 2007 WL 542010 (W.D. Mich. 2007) (section 2244(d)(1)(B) did not apply to petitioner who was transferred to federal prison and was allegedly without access to state law because petitioner did not demonstrate the state of Michigan took any action preventing timely filing of his habeas petition).

to Florida law hindered his ability to exhaust his claims in state court, his argument must fail. Piotrowski's out-of-state incarceration did not prevent him from filing his initial state postconviction motion in 2006 in accordance with the time limitation of Florida Rule of Criminal Procedure 3.850. Piotrowski does not assert why he could not have filed a state collateral motion earlier.[9] Moreover, Piotrowski states that he had access to his "record of trial," and the briefs filed in his appeal, which he says included state law, while he was in federal custody. (Dkt. 24, p. 5.)[10]

In sum, Piotrowski does not establish the existence of an impediment created by unconstitutional state action that prevented him from timely filing his federal habeas petition. Therefore, he does not satisfy either of the two conditions necessary to delay the running of the AEDPA period under § 2244(d)(1)(B). Section 2244(d)(1)(A) is the relevant section for determining the starting date of Piotrowski's federal limitations period. As addressed, Piotrowski's federal habeas petition is untimely under this section.

---

[9] Piotrowski notes that he did not have the assistance of a court-appointed attorney in filing his state postconviction motions. To the extent this can be construed as a claim that the lack of appointed counsel to assist with this state collateral filings constituted a state-created impediment under § 2244(d)(1)(B), it is without merit. *See Johnson*, 513 F.3d at 1331 (neither delay in appointing counsel to file a state motion for postconviction relief, nor allegedly incompetent performance by appointed counsel, constitutes a state-created impediment in violation of the Constitution or laws of the United States under § 2244(d)(1)(B)). He further claims that his request for his family to provide "case laws and statutes" while he was in federal custody was denied. (Dkt. 15, p. 3.) His vague and conclusory statement does not describe when this occurred or specify the content of the materials, or how not having such materials prevented him from filing his motion sooner.

[10] In support of his claim, Piotrowski asserts that the state court accepted his second postconviction motion as timely on the basis of state decisions delaying the two-year time limitation to file a motion under Florida Rule of Criminal Procedure 3.850 during an inmate's out-of-state incarceration. To the extent he argues that the state court's acceptance of his second postconviction motion demonstrates the existence of a state-created impediment to timely filing his federal habeas petition, his argument is unconvincing. The timeliness of Piotrowski's federal habeas petition is governed by federal law and AEDPA, not by the state courts' application of Florida law to its procedural rules. *See, e.g., Johnson*, 513 F.3d at 1333 ("[T]his Court has already held that a federal habeas petitioner is not entitled to equitable tolling merely because the state court granted an extension of time to file his state post-conviction petitions. . . . Moreover, our precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril.") (citation omitted).

**Equitable Tolling**

Piotrowski alternatively argues that the Court should find his petition timely under equitable tolling principles. He raises the same claims that he brought in support of his argument for applying § 2244(d)(1)(B). Piotrowski argues that he is entitled to equitable tolling "of the time served out-of-state without access to state statutes, rules, and procedures" (Dkt. 15, p. 5), and that equitable tolling is warranted because "the denial of access to the state postconviction court is an extraordinary circumstance." (Dkt. 1, p. 41.) However, the considerations that defeated his previous claim also lead to the rejection of his equitable tolling claim.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson*, 677 F.3d at 1099).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how

unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

Piotrowski's vague and conclusory claim that he was not afforded access to Florida courts because he lacked access to Florida legal research or materials while in federal custody in Kansas is insufficient to establish an exceptional circumstance warranting equitable tolling or that he acted diligently in pursuing his rights. As the Eleventh Circuit has explained:

> To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition. *Helton*, 259 F.3d at 1314. He must show "when he found out about the law library's alleged deficiency," must "state any independent efforts he made to determine when the relevant limitations period began to run," and must demonstrate how the prison "thwarted his efforts." *Id.* Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.

*Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006).

Piotrowski fails to make this showing, and he demonstrates no causal relationship between the alleged circumstance and his untimely filing. *See Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007) (equitable tolling was not warranted when prisoner's transfer to county jail and lack of access to legal papers and law library did not constitute extraordinary circumstances, and prisoner did not explain how his inability to access legal

materials prevented him from timely filing habeas petition); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").[11]

In his reply, Piotrowski appears to argue that even if this Court finds his petition is untimely, it should consider the merits of his claims under the authority of *Martinez v. Ryan*, _U.S._, 132 S.Ct. 1309 (2012). *Martinez* is inapplicable. *Martinez* sets forth criteria for overcoming the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. It does not apply to the determination of the timeliness of a federal habeas petition or allow for review of untimely claims. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Accordingly, it is **ORDERED** that Respondent's motion to dismiss (Dkt. 21) is **GRANTED**, and Piotrowski's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred. The Clerk is directed to close this case and enter judgment against Piotrowski.

It is further **ORDERED** that Piotrowski is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of

---

[11] While Piotrowski again emphasizes that the state court accepted Piotrowski's second postconviction motion as timely due to Florida law concerning similar arguments, his claim is unavailing in the context of equitable tolling for a federal habeas petition subject to the timely filing requirements of § 2244(d).

appealability ("COA"). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To obtain a COA, Piotrowski must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Piotrowski has not made the requisite showing under these circumstances. Finally, because Piotrowski is not entitled to a COA, he is not entitled to leave to appeal *in forma pauperis*.

      **ORDERED** in Tampa, Florida, on July 30, 2015.

                                                 Charlene Edwards Honeywell
                                                 United States District Judge

<u>Copy to</u>:
Joseph F. Piotrowski
Counsel of Record